JOHNSON ADM'R. OF JOHNSON v. BUCKNER.

MAY TERM
1837.

Where a promissory note is made payable on a day specified, after the date thereof, the Stat. of Lim. commences running from the time it becomes due, and not from the date of its execution. A plea of the Stat. in *actions* on such notes, must be framed accordingly.

Johnson adm'r of
Johnson
v.
Buckner.

APPEAL from the circuit court of Perry county.

Statement of the case, and opinion of the court, delivered by TOMPKINS, Judge.

Johnson brought his action in the circuit court against Buckner, charging, that on the tenth day of March, in the year 1821, Buckner made his promissory note to the plaintiff's intestate, by which he, Buckner, promised to pay the intestate the sum of ninety-three dollars and twenty-two cents, on the first day of October, then next.

The defendant pleaded first—the general issue. Secondly—that he did not, at any time, within ten years next before the issuing of the writ, and the making of the writing declared on in this case, undertake or promise, in manner, &c. The plaintiff joined issue on the first plea, and demurred to the second. The circuit court overruled the demurrer to the second plea, and gave judgment for the defendant. To reverse this judgment, this appeal is prosecuted.

*J. Ranney*, for appellant:

The only question before this court is—did the court err in finding the issue of law for the defendant, or, in other words, was the defendant's plea in bar sufficient?

The defendant's plea in bar is insufficient, for the reason, that the contract was an executory contract—it was a promise to pay money seven months after the promise. The statute therefore, did not bar the action until ten years and seven months from the time of the promise;—that the defendant did not promise within ten years in this case—tendered an immaterial issue, and had an issue been taken on this plea, and found in favor of the defendant, yet, still the merits of the case would have remained undecided. For the only fact in such case found, would have been, that the defendant did not undertake and promise within nine years and five months before the commencement of the suit. And, the only way that the statute of limitations could have been properly plead to this note, was—that the action did not accrue to the within ten years, &c.

Actions founded on writings for the payment of money,

shall be commenced within ten years after the cause of action shall have accrued;—see Stat. Mo., page 393; where the contract is executed, the debt due and payable at the time of the promise. Then, to plead that the defendant did not undertake or promise within —— years is a good plea only;—1 Saunders, 33d page, note 2d; Saunders 63; 3d Burr, 1281; 1 sec. N. P., page 121; 12 Mod., 444; Chitty, 2d vol., page 449, note c. Where the contract is executory, or the promise is to pay a sum of money at some future time, the statute must be plead by alleging that the action did not accrue, &c. For it is not material when the promise was made in such case; 1 Saunders, page 33d, no. 3d; Burr, 1281-2; Salk. 422; 1 sec. N. P. 121-2; Lord Raymond, 838; 2 Chitty, 449, n. c. Where money is to be paid on demand, no special demand is necessary;—1 Saunders, 33d note. But where a collateral article, or services to be performed on demand, it is different, and in such a case a special demand must be made before a right of action has accrued;—1 Saunders, 32, 33 n.; 1 sec. N. P. 121; Mod. 444. As all the facts are before the court, it is contended that the supreme court on reversing the judgment of the circuit court, will enter judgment for plaintiff for the amount of the note declared on, which is all the plaintiff wants.

*J. Evans,* for appellee:

The appellee contends: That in the record and proceedings, as also in the giving of the judgment of the circuit court for the defendant, there is no error, as the plaintiff in his general assignment of errors hath stated.

1st. Because the defendant in any action may plead as many several pleas as he may think necessary for his defense; and if any one issue is found for him, it is good; see Laws of Mo., p. 459, sec. 24; Mo. Rep. 164, 313, 588, 746.

2d. Special error assigned, is, the court erred in overruling the plaintiff's demurrer to defendant's plea. I insist that the court did right in overruling the plaintiff's demurrer, and giving judgment for the defendant, because the plea of the statute of limitations is a good plea to the plaintiff's cause of action, and was rightly sustained by the court;—see Mo. Law, p. 393, sec 1; Bobbs vs. Shepley, Mo. Rep. 229, 164. The plaintiff's second special error is answered by the authorities to the first error.

3d. Special error assigned is, that the court gave judgment against the adm'r for costs individually, to be made of his own property, &c. The circuit court gave

a correct judgment, if the costs were to be recovered off of the intestate, but they are not, they are to be recovered off of John Johnson, for whose use the suit is brought; see Mo. Law, p. 130, sec. 23. This court has the right to correct the judgment of the circuit court, or give such judgment as that court ought to have given, as to them shall seem right;—Mo. Laws, p. 522, sec. 32. Also, if there is error, and on the record judgment is given for the right party, the appellate court will let it stand;—see Mo. Dec., Tate vs. Barcroft, 1 vol., p. 164, ibid Derbe's heirs vs. Smith's heirs, and Easton, 313; Wear vs. McCirkle, 588; Wathan et al. vs. English, 746. In the examination I think the judgment of the circuit court ought to be affirmed.

MAY TERM 1837.

Searcy v. Devine.

Opinion, delivered by Tompkins, Judge.

On the part of the plaintiff in error, it is contended, that the promissory note declared on, being made payable seven months after the date thereof, the plea should have been, that the plaintiff's right of action did not accrue within ten years, &c. And such seems to be the rule of pleading in a case like this;—see Hodsden vs. Harridge, 2 Saunders, p. 636, note 5. It seems to us that the circuit court committed error in overruling the demurrer to the second plea of the defendant. Its judgment is therefore reversed, and the cause remanded.

Where a promissory note is made payable on a day specified, after the date thereof, the stat. of lim. commences running from the time it becomes due, and not from the date of its execution. A plea of the stat. in actions on such notes must be framed accordingly.